NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1343
_____

TIJUANA JOHNSON,
on behalf of herself and other persons similarly situated,
Appellant

v.

WYNN'S EXTENDED CARE, INC.; NATIONAL CASUALTY COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 1-12-cv-00079
District Judge: The Honorable Renee M. Bumb

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 9, 2015

Before: FUENTES, SMITH, and BARRY, *Circuit Judges*

(Filed: December 15, 2015)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

Tijuana Johnson entered into a "Used Vehicle Service Contract" with

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Wynn's Extended Care, Inc. in February 2011. In May of that same year, Johnson's car needed repairs that she claims were covered by the service contract. Wynn, however, refused to authorize the repairs. After negotiations broke down, Johnson filed a class action suit in state court alleging that the service contract violated several state statutes.[1] Wynn subsequently agreed to pay for the necessary repairs. Johnson does not dispute that her car was fixed. Johnson, however, alleges additional losses including the loss of use of her car for five months as well as losses resulting from having to pay insurance and towing costs while the car was being fixed.[2]

Our review is limited to one question: whether the provision waiving attorney's fees in Wynn's service contract violated the New Jersey's Truth in Consumer Contract Warranty and Notice Act ("TCCWNA"). While this case initially involved several additional claims, Johnson's second amended complaint only pled violations of the TCCWNA and the New Jersey Consumer Fraud Act, thus limiting the scope of this case to potential violations of those two statutes. The parties then stipulated to the dismissal of all claims under the Consumer Fraud Act with prejudice. Thus only the TCCWNA claims remain open on appeal.

---

[1] This case was later properly removed to federal court under the Class Action Fairness Act. 28 U.S.C. § 1332(d).

2

While Johnson attempts to make several arguments on appeal, she squarely presented only one such argument to the District Court when opposing Wynn's motion to dismiss. She argued that the service contract violated the TCCWNA because it contained a provision waiving attorney's fees and splitting costs.[3] By not raising any other arguments before the District Court, we find that Johnson forfeited her right to raise them on appeal.[4] *See Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999) ([A] party still must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits."); *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal.").

Turning to the merits of Johnson's TCCWNA claim, we hold that the District Court erred in dismissing this claim at the pleading stage. To find a violation of the TCCWNA, Johnson had to allege that the service contract

---

[2] This case is therefore distinguishable from *Campbell-Ewald Co. v. Gomez*, 768 F.3d 871 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 2311 (May 18, 2015) (No. 14-857), since Johnson was not granted complete relief.

[3] Unlike the District Court, we interpret the service contract's provision waiving attorney's fees as an actual waiver, not simply as a restatement of the American Rule. The plain language of the contract leads us to this conclusion: "[e]ach party *shall pay* the fees of its own attorneys . . . ." (emphasis added).

[4] The Court notes that even if Johnson's TCCWNA claim based on alleged violations of the Plain Language Act ("PLA") were not waived, it would still fail. As the District Court found, the service contract was written in a simple, clear, and understandable way. It thus did not violate the PLA.

presented to her by Wynn "include[d] any provision that violates any clearly established legal right of a consumer . . . as established by State or Federal law." N.J.S.A. § 56:12-15. Drawing all reasonable inferences in favor of the plaintiff, we conclude that the service contract's provision waiving attorney's fees and splitting costs violates a clearly established legal right under New Jersey law.

This is so because the New Jersey Supreme Court has clearly held that clauses preventing the recovery of attorney's fees and costs, when mandated by statute, are unconscionable. *See Delta Funding Corp. v. Harris*, 912 A.2d 104, 114 (N.J. 2006) ("Like the attorney's fees provision discussed above, the [provision requiring the appealing party to bear costs] is unconscionable to the extent that it would bar Harris from being awarded costs if she prevailed on her appeal."). In this case, both the CFA and the TCCWNA mandate the provision of attorney's fees and costs for the prevailing party. N.J.S.A. § 56:8-19 ("In all actions under [the Consumer Fraud Act], . . . the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit."); N.J.S.A. § 56:12-17 ("Any person who violates the provisions of [the TCCWNA] shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs."); N.J.S.A. § 56:12-16 (stating that under the

TCCWNA "[n]o consumer contract . . . shall contain any provision by which the consumer waives his rights under this act").

Johnson's TCCWNA claim is therefore sufficient to survive a motion to dismiss.[5]  Accordingly, we will reverse the judgment of the District Court only with respect to the alleged violation of the TCCWNA discussed above and will remand for further proceedings.

---

[5] We also note that concerns regarding the enforceability of consumer contracts in New Jersey as a result of a potential ruling in favor of the plaintiff are unfounded.  *See, e.g., Jacob v. Norris, McLaughlin & Marcus*, 607 A.2d 142, 154 (1992) ("[I]f the illegal portion does not defeat the central purpose of the contract, we can sever it and enforce the rest of the contract.").